**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FRANCISCO ANDRES VALENCIA, ) <br> ) <br> Defendants. ) <br> ) | No. CR 12-1240-TUC-CKJ (BGM) <br><br> **ORDER** |

On February 8, 2013, Magistrate Judge Bruce G. Macdonald issued a Report and Recommendation (Doc. 44) in which he recommended that the Motion to Suppress (Doc. 33) filed by Francisco Andres Valencia ("Valencia") be denied. The Report and Recommendation notified the parties that they had fourteen days from the date of being served with the copy of the Report and Recommendation to serve and file any objections. Valencia has filed an objection (Doc. 46) and the government has filed a response (Doc. 49).

The Court has reviewed the Motion to Suppress (Doc. 33), the response (Doc. 38), the Report and Recommendation (Doc. 44),[1] the exhibits, the transcript of the hearing held before the magistrate judge, the Objections (Doc. 46), and the response (Doc. 49). The standard of review that is applied to a magistrate judge's report and recommendation is dependent upon whether a party files objections – the Court need not review portions of a

---

[1] The Report and Recommendation states that Valencia is charged with one count of knowingly and intentionally possessing with intent to distribute approximately 112 kilograms of marijuana in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii). However, Valenica is alleged to have violated 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii).

1  report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466,
2  472-73, 88 L.Ed.2d 435 (1985). However, the Court must "determine de novo any part of
3  the magistrate judge's disposition that has been properly objected to. The district judge may
4  accept, reject, or modify the recommended disposition; receive further evidence; or return
5  the matter to the magistrate judge with instruction." Fed. R. Civ. P. 72(b)(3); *see also* 288
6  U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those
7  portions of the report or specified proposed findings or recommendations to which objection
8  is made.").

*Testimony of Agent DeBaun Regarding Evasive Driving*

11  Valencia objects to consideration of Valencia's evasive driving as a factor supporting
12  reasonable suspicion to justify the stop of Valencia's vehicle. Specifically, Valencia points
13  out that, although Agent Todd DeBaun ("DeBaun") testified that the evasive driving was the
14  final piece of information to justify the stop of Valencia's vehicle, DeBaun did not include
15  this information within his report. The government argues that, because Valencia did not
16  object to the magistrate judge's determination that DeBaun's testimony was credible, this
17  Court is not required to review de novo the magistrate judge's finding of credibility.
18  However, Valencia's objection implicitly raises the credibility of DeBaun's testimony and
19  the Court finds it appropriate to review de novo.

20  The government argues that the agent's explanation for not including in his report
21  every fact known to him at the time is credible. However, a review of the transcript of the
22  hearing shows that the agent did not provide an explanation for not including every fact
23  known to him in his report. *See* Doc. 43. Rather, DeBaun simply acknowledged that the
24  report did not include all of the details. Hearing Transcript 1/11/2013, Doc. 43, pp. 68-69,
25  82-83. However, DeBaun also testified that referring to the information in the report would
26  help to refresh his recollection about the specific facts in this case. *Id.*, at 20. *See e.g. United*
27  *States v. Griffith*, 762 F.Supp.2d 1179, 1183 (D.Ariz. 2010) ("The officers agreed that the

1  purpose of writing a report post-incident is to summarize the important aspects of the
2  investigation so they may later use a report to refresh their recollection.").

3  "While it is reasonable that not all the details of an investigation be contained in a
4  report, factors that the officers considered in deciding to stop a vehicle are critical to an
5  investigation." *Id*. In this case, DeBaun included facts in his report that the driver of the
6  vehicle was trying to get around the two vehicles in front of him. Tr., pp. 82-83. In other
7  words, DeBaun included sufficient detail to refresh his recollection of the details of the
8  incident. The Court finds the failure of DeBaun to include further details in his report does
9  not warrant a determination that DeBaun's testimony was not credible. Rather, the Court
10 agrees with the magistrate judge's finding that DeBaun's testimony was credible.

12 *Reliance on Agent's Experience in Upholding the Stop*

13 Valencia objects to the magistrate judge's reliance on the experience of DeBaun in
14 upholding the stop. Valencia argues that the experience factor in considering the totality of
15 circumstances is limited and asserts that "'[a]n officer's experience may furnish the background
16 against which the relevant facts are to be assessed as long as the inferences he draws are
17 objectively reasonable; but 'experience' does not in itself serve as an independent factor in
18 the reasonable suspicion analysis." Objections, Doc. 46, p. 2, *quoting United States v.*
19 *Montero-Camargo*, 208 F.3d 1122, 1131 (9th Cir. 2000).

20 The magistrate judge stated:

21 Under the totality of the circumstances in this case, [] DeBaun possessed reasonable
   suspicion to stop Defendant. Although each fact in the circumstances previously
22 described, taken individually, may appear innocent, it had significance to a trained
   law enforcement officer.
23
   Report and Recommendation, Doc. 44, p. 6.
24
   As the Ninth Circuit has stated:
25
   Often, the data in the record seems equally capable of supporting an innocent
26 explanation as a reasonable suspicion. In such cases, the Supreme Court directs us to
   give due weight to the factual inferences drawn by law enforcement officers, *United*
27 *States v. Arvizu*, 534 U.S. 266, 277, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002), and has
   noted that officers may make reasonable deductions and inferences based on their
28 experience and specialized training that "might well elude an untrained person." *Id.*

- 3 -

at 273, 122 S.Ct. 744 (internal quotation marks omitted). In this vein, the Court has emphasized that even when factors considered in isolation from each other are susceptible to an innocent explanation, they may collectively amount to a reasonable suspicion. *Id*. at 274, 122 S.Ct. 744.

*United States v. Berber-Tinoco*, 510 F.3d 1083, 1087 (9th Cir. 2007). DeBaun was entitled to make reasonable deductions and inferences, based on his 12 years of experience and his specialized training. Contrary to Valencia's assertions, the magistrate judge gave due weight to the factual inferences drawn by DeBaun.

Indeed, as argued by the government, this case does not present a situation where the inferences drawn by the agent were not supported by evidence. *Nicacio v. INS*, 797 F.2d 700, 705 (9th Cir. 1986); *United States v. Jimenez-Medina*, 173 F.3d 752, 754 (9th Cir. 1999). Rather, the Court finds that in determining whether DeBaun "had reasonable suspicion, due weight must be given, not to his inchoate and unparticularized suspicion, or hunch, but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience[ ]." *United States v. Crasper*, 472 F.3d 1141, 1147 (9th Cir. 2007) (internal citations and quotations omitted). Contrary to Valencia's assertion, the Court finds that the agent did not have such a limited amount of objective facts such that DeBaun's experience becomes disproportionally important. Rather, the Court agrees with the magistrate judge's summary of the totality of circumstances, including reasonable inferences, that support a finding that DeBaun possessed reasonable suspicion that criminal activity may be afoot. *See* Report and Recommendation, Doc. 44, pp. 6-7.

Accordingly, after an independent review, IT IS ORDERED:

1.   The Report and Recommendation (Doc. 44) is ADOPTED.

2.   The Motion to Suppress (Doc. 23) is DENIED.

DATED this 25th day of March, 2013.

_____
Cindy K. Jorgenson
United States District Judge

- 4 -